Siiackelpoed, J.,
delivered the opinion of the Court.
This is a suit commenced before a Justice of the Peace, for the County of Shelby, on an order drawn by E. A. Woodson, on her Commission Merchants, Owen & McNutt, in favor of defendants in error, to pay out the proceeds of her cotton, $211.64, dated 18th March, 1865; upon which order, was the following acceptance: “Accepted, whenever we have funds in hands from the sale of her cotton. Owen & McNutt.” A judgment was rendered *17 bj the Justice, in favor of the plaintiffs in error, from •which the defendants in error appealed to the Law Court at Memphis. The cause was submitted to His Honor, without the intervention of a jury, upon the following agreed statement of facts: Mrs. E. A. Woodson, the drawer of the order, had consigned, and delivered to the plaintiffs in error, to be shipped to St. Louis, or other Eastern markets, for sale, six bales of cotton, on which they had made advances to her, previous to the 18th of March, 1865, amounting to the sum of $868.62. The net proceeds of the sale of the cotton in St. Louis, was $829. Not a dollar was advanced after the acceptance, except the necessary expenses in shipping to market. It was thought, at the time of the acceptance, the cotton would bring a sum sufficient to satisfy the acceptance, after paying the advances; one bale was received on the 23d of February, 1865, and the remainder on the 15th of March, 1865, and the advances were made, under an express contract, upon this cotton.
The Judge was of opinion, it was the duty of the plaintiffs in error, at the time of the acceptance, to have expressed in the same, the conditions on which the acceptance was made; and not haring done so, they were liable upon the draft. A judgment was awarded against them; a new trial was moved for, which was overruled; from which they have appealed in error, to this Court.
The question presented in this record, arises upon the construction to be given to the acceptance, made by the plaintiffs in error, upon this order; generally, a conditional acceptance becomes absolute, on the performance of the conditions. The acceptance, in this case, is: “Ac *18 cepted, whenever we have funds in hands, from the sale of her cotton.” The plaintiffs in error were commission merchants and factors, and had, as such, made advances to Mrs. Woodson, on this cotton; thereby had a lien for the amount thus advanced. The question is, does the terms of this acceptance, make them liable for the payment of this order, upon the sale of the cotton, there not being an amount sufficient arising from the sale to pay the advances made by the acceptors ? The principles of law applicable to this class of cases, do not appear to be clearly settled. An acceptance is conditioned upon the happening of a future event. Thus, a promise to pay when certain goods consigned to be drawn, are sold; to pay, if a certain house is given to the drawer, before a day named. These are conditional acceptances, and become absolute upon the happening of the event.
There is another class of acceptances, to pay “when in funds.” The acceptor is only liable when he has funds: 1 Parsons on Bills & Notes, 303; In., 4; New Jer., 420. It was held, the term, “when in funds,” literally means, when the acceptor is in the possession of funds which the drawer has the present right to demand and appropriate by his bill. In 1 Strobart, 271, it was held, where a factor accepts a planter’s order, payable when in funds, this is a promise to pay out of the first funds which shall come into his hands, and the drawer cannot apply them first to the payment of a debt due him from the drawer, as this would be adding another condition to the acceptance; the acceptance would then mean, that they would pay when they had funds, over and above the amount of the indebtedness of the drawer to him. It *19 was held, in the same case, the factor could, deduct the expenses incurred in reference to the particular assignment : 1 vol. Par. on Bills and Notes, 303.
We think the rule is, where advances have been made by the factor, upon produce consigned to him, he can retain for his advances made upon the consignment; hut he would have no right, in such cases, to apply the fund to a debt due him, which had not been made by specific advances, and for which he had no lien.
In the case under consideration, the drawer of the order, was indebted to the plaintiffs in error for advances made, and which were to be paid out of this consignment of cotton, and for which they had a specific sum. The meaning of their acceptance must be construed to be, that they would pay whenever they had funds of Mrs. Woodson’s, arising from the sale of her cotton, more than sufficient to pay the advances made by them, upon this cotton.
Such, we think, is the legal construction to be given to this acceptance; it is consistent with reason and justice, and conformable to the intention of the parties. It appears, from the agreed statement of facts, the net proceeds of the sale of the cotton, did not amount to a sum sufficient to pay them for their advances. It follows, therefore, she had no funds in the hands of plaintiffs in error, and they are not liable upon this acceptance.
The judgment of the Court will be reversed, and a new trial awarded.